UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-106 |
| CLARENCE SANTIAGO | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is defendant Clarence Santiago's motion for the early termination of supervised release.[1] The Government opposes the motion.[2] For the following reasons, the Court denies defendant's motion.

### I.    BACKGROUND

On April 24, 2015, defendant was charged in an indictment with one count of conspiring to distribute and possessing with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846; two counts of distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of using a communication facility to facilitate the distribution of heroin in violation of

---

[1]    R. Doc. 267.
[2]    R. Doc. 270.

21 U.S.C. § 843(b).[3] On July 13, 2016, defendant pleaded guilty Count 1, the heroin conspiracy charge.[4] In his plea agreement, the government agreed to not charge defendant as a multiple offender, which would have resulted in a mandatory minimum 20-year sentence.[5] According to the factual basis that defendant signed, defendant sold heroin to DEA confidential sources on multiple occasions, and that he was responsible for somewhere between one and three kilograms of heroin "through his own conduct and the reasonably foreseeable conduct of his coconspirators."[6] Defendant was sentenced to 51 months of imprisonment and five years of supervised release as to Count 1.[7] Defendant was released from prison on December 2, 2019,[8] and is currently serving his term of supervised release.

On July 11, 2022, defendant moved for early termination of supervised release.[9] He contends that early termination is warranted because he has complied with the terms of his supervised release and shown rehabilitation.[10]

---

[3]   R. Doc. 1.
[4]   R. Doc. 46.
[5]   R. Doc. 148 ¶ 18.
[6]   R. Doc. 109 at 4.
[7]   R. Doc. 163.
[8]   *See* https://www.bop.gov/inmateloc/.
[9]   R. Doc. 267.
[10]  *Id.* at 1.

The Government opposes defendant's motion.[11]  Probation does not object to defendant's motion.[12]  The Court considers the motion below.

## II.  DISCUSSION

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. *See* 18 U.S.C. § 3553(a). Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

Defendant has failed to establish that termination of supervised release is warranted here.  As to the nature of the offense, the Court notes that

---

[11]   R. Doc. 270.
[12]   *Id.* at 3.

defendant's crime was serious in nature—defendant acknowledged responsibility for one to three kilograms of heroin. Termination of supervised release would also be inappropriate in light of defendant's criminal history, which includes multiple drug-related offenses.[13]

Further, defendant already received a downward variance at his sentencing, and in his plea agreement, the government agreed to not charge defendant as a multiple offender pursuant to 21 U.S.C. § 851, which would have resulted in a 20-year minimum sentence. Further reducing defendant's sentence by terminating supervised release nearly two years early would not provide deterrence. *See United States v. Brown*, No. 03-310, 2012 WL 4059887, at *1 (E.D. La. Sept. 14, 2012) (denying motion for early termination of supervised release in part because defendant already received sentence on the low end of the guidelines range and the government did not file a multiple bill under 21 U.S.C. § 851, which would have resulted in 20-year minimum sentence).

The only arguments defendant advances in support of his motion are that he has complied with the terms of supervised release, his supervision burdens the U.S. Probation Office, and he has shown rehabilitation. But merely complying with the terms of supervised release does not entitle a

---

[13]   *See* R. Doc. 148 ¶¶ 73-74.

defendant to have supervised release terminated early. *See United States v. Reed*, No. 15-100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020) ("Proof of compliance with the terms of supervised release does not equate to 'exceptionally good' behavior and does not, by itself, justify early termination."). As to defendant's contention that his supervision is a burden to the U.S. Probation Office, the same could be said of any person subject to supervision. Finally, defendant contends that he has "shown rehabilitation," but does not explain what that rehabilitation is or why it entitles him to early termination of his supervised release. *See United States v. Hayes*, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying motion for early termination of supervised release where defendant argued he had "turned his life around").

In sum, defendant does not demonstrate any extraordinary circumstances that warrant early termination of supervised release, nor does he establish that early termination of supervised release adequately considers the § 3553(a) factors. The Court thus denies defendant's motion.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for the early termination of supervised release.

New Orleans, Louisiana, this __30th__ day of March, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE